Irving Kirschenbaum, J.
Plaintiff moves for an injunction pendente lite pursuant to article 23-A of the General Business Law. That branch of the motion which seeks to enjoin defendants from engaging in the offering or sale of securities is not *395 directly opposed by defendants. Counsel states that "defendants are not in the securities business and thus have no objection to” that part of the motion. What is opposed is the enjoining of defendants from transferring or disposing of their assets.
The Attorney-General contends that the law has been violated in several ways. It is alleged that the investment contracts sold to investors by defendants are securities under the Martin Act, and that the failure to file certain documents required by that act is a fraudulent practice. Section 352 of the General Business Law includes evidences of interest in its definition of a security. The investment contracts herein are evidences of interest. It is clearly established law that "any form of instrument used for the purpose of financing and promoting enterprises, and which is designed for investment, is a security according to the modern meaning of that term” (Matter of Waldstein, 160 Misc 763, 767). The investors were relying upon Filmaco and the Kozaks’ ability to produce and/ or distribute motion pictures at a profit. The investors had no control over the enterprise itself. What they purchased were shares in a film and those shares, as evidenced by their investment contracts, were securities under the Martin Act. It is alleged by the plaintiff that no accounting has been made to investors in regard to the moneys invested. They were told that they lost money, but were given no indication as to how this conclusion was arrived at or what made up the film’s expenses for that year. The answering papers do not clear up that question. Subpoenas against the individual defendants, to come for a hearing at the Attorney-General’s office, were not complied with. Nor were all business records produced in response to a subpoena duces tecum. Defendants have in effect prevented the Attorney-General from holding a proper hearing and conducting an investigation to find out whether the funds invested were used for the specific purposes represented to the investors.
The Attorney-General has met his burden for a preliminary injunction. He has made out a prima facie case showing statutory violations and fraud. It is not a requirement for the issuance of a preliminary injunction that the plaintiff establish with absolute certainty that it will succeed in the litigation. The Attorney-General has shown irreparable injury to the public in the form of fraud and the possibility of financial instability on the part of defendants.
*396 Accordingly, the motion is granted to the extent that defendants are enjoined pendente lite, from engaging in the offering or sale of securities and from transferring or disposing of assets or property under their control, derived from the practices alleged in the verified complaint to be fraudulent.
Upon compliance with subpoenas issued by the Attorney-General or his completion of disclosure in this action, defendants may move to vacate or modify this preliminary injunction.
Defendants are entitled to a speedy resolution of the issues. Therefore plaintiff is directed to serve and file a note of issue within 30 days after compliance with subpoenas by defendants or the completion of disclosure in this action. Upon service of a copy of such note of issue and statement of readiness, together with a copy of the order to be entered herein, the calendar clerk shall place this matter at the head of the appropriate waiting list.