OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff, State of New York, by the Attorney-General seeks an order enjoining defendants from operating a pyramid scheme and from distributing any funds obtained from the foregoing “fraudulent practices.”
Defendants allege that they are in the business of selling cosmetics. They have an elaborate marketing plan described both in the plaintiff’s and defendants’ papers. Plaintiff characterizes the plan as one in which the emphasis is on recruiting new people to the company’s organization rather than sales.
Defendant describes the organization as one of a series of steps in which the new “start”, having sold a sufficient amount of the product, moves up in levels of the organization getting progressively higher percentages of the sales. At the maximum step, a “Gold Leader” receives 40% of retail sales plus 23% of wholesale product sales for which he is responsible either through his own sales or those of his recruits.
*599 While plaintiff’s papers are noticeably lacking in the absence of affidavits of inspectors with first-hand knowledge of defendants’ operations, the description of the operations of Phase II Systems, Inc. by both plaintiff and defendants is one that would lead the court to believe that the defendants are operating a chain distributor scheme.
Section 359-fff of the General Business Law provides in-part that “‘a chain distributor scheme’ is a sales device whereby a person, upon condition that he makes an investment, is granted a license or right to solicit or recruit for profit or economic gain one or more additional persons who are also granted such license or right upon condition of making an investment and may further perpetuate the chain of persons who are granted such license or right upon such condition.” An investment can be a purchase of property.
The mechanics of this scheme are substantially the same as the classic pyramid scheme except that one can join the organization for $18 and become a “member” and then receive a 10% commission on all sales. While defendant speaks of “actual retail sales”, it defines a retail sale to include sales or purchases to members and salespersons. When a member buys $333 worth of products, he or she becomes a salesperson who then gets a 25% commission. Thus, the net investment to the salesperson is $276 ($333 less 25% plus $18). The person who brings in a new salesperson gets a $50 bonus. If a salesperson can bring in eight new recruits as salespersons in a calendar month, he becomes a distributor and then in addition to getting $50 for each he gets an additional 15% on all sales purchases by the new salespersons. The formula gets more complicated as the distributor continues to recruit new salesmen and progresses from distributor to silver level to the top or gold level. The Attorney-General has calculated that while an original salesperson needs to recruit only 32 persons to achieve the gold level, in order for those recruited in the fifth generation, an additional 167,772,154 persons will have to be recruited (initially ordering in excess of $55 billion worth of products).
Effectively, then, sales of products to nonmembers or nonsalespersons is unnecessary since members or salesper *600 sons can make money just by bringing into the organization new people willing to become a salesperson.
There is sufficient indication herein that defendants are participating in a scheme where the emphasis is not on the sale of a product, but on recruiting new organizational rows to boost existing members. (See Securities & Exch. Comm. v Turner Enterprises, 474 F2d 476.)
Pursuant to section 359-fff of the General Business Law, such a scheme is illegal. An illegal business transaction can be enjoined pursuant to subdivision 12 of section 63 of the Executive Law.
Plaintiff has established the likelihood of success on the merits and the danger of irreparable harm to the public (see State of New York v Kozak, 91 Misc 2d 394).
In addition, it should be noted that the Attorney-General in his third cause of action, alleges that defendant, a Nevada corporation, is not authorized to do business in this State pursuant to sections 1301 and 1304 of the Business Corporation Law. Defendant upon this motion does not address this allegation and thus upon this ground the injunction could be issued (Business Corporation Law, § 1303).
Accordingly, the motion is granted.